Good morning. This is the time set for oral argument in the case of Sean Wright v. State of Alaska. If the appellant is ready to proceed, you may state your appearance. Good morning. May it please the court. Dan Polson, assistant federal defender representing Sean Wright. This is a habeas appeal, which raises the question whether Mr. Wright can establish his custody status for purposes of habeas jurisdiction based on his lifetime registration requirements under the Sex Offender Registration Notification Act. The Supreme Court reversed and remanded the panel's previous decision, which found that Mr. Wright could establish his custody for purposes of attacking the Alaska judgment based on his subsequent prosecution for failure to register as a sex offender in federal court in Tennessee. However, the Supreme Court did not express any opinion as to Mr. Wright's alternative argument that he could establish custody by virtue of his status as a sex offender. Our position is that if this court applies past precedent as well as Supreme Court precedent construing the definition of custody, Mr. Wright is able to easily clear that hurdle. There's no question that Mr. Wright's status as a sex offender is attributed to the judgment that's under attack and triggers his registration requirements. Can I ask you about that? Because the Supreme Court just said that it's not enough that the state court judgment is a necessary predicate, which is what we said previously relying on Zico. How is it any different in this case? Why aren't we just bound by the same logical theory that his claim is there's another statute, this time in Tennessee, that imposes restrictions on him? And yes, that clearly the state conviction was a necessary predicate, but the Supreme Court said that's not enough. So don't we need to find something more here? Well, this is different. This is a different type of claim. It's not that his sex offender registration requirements are, well, his sex offender registration requirements are directly attributable to the judgment under attack. And you can see the judgment. But that was the same thing we had before. That's what I'm looking for, something different here. Because that was the same thing we had before was that the Tennessee plea, the sentence was directly attributable to the Alaska original conviction. And the Supreme Court said that's not enough. So if that's not enough, and that's what they're telling us, unless you disagree that that's what they're telling us, what's your best argument? I would think that if the Supreme Court was expressing an opinion as to the alternative custody basis, they would have said so. Again, it reversed us. That's pretty clear. They reversed our decision. That's pretty clear that they thought we got it wrong. So if we make the same ruling, why wouldn't the Supreme Court just reverse us again? Well, to my knowledge, all the previous decisions in this circuit that have interpreted whether sex offender registration requirements are custodial haven't really been hung up on whether or not the burdens are being imposed, whether or not those requirements are attenuated from the judgment. The question is whether or not they are sufficiently custodial, whether or not they actually were. But that's because they were all in the same state. That's what's unusual about this case, is that he moved away. And so let's take a hypothetical. Say he moved to a state where there was no sex offender registry requirement. Would he then not have a custody claim because he wasn't subject to it? Well, our position is that whether you analyze the sex offender requirements under either Alaska or Tennessee law, the requirements are custodial. And again, they are direct. It's not just that they are. It's not just that the judgment under attack is a necessary predicate. I understand that you're saying that they're the same, but the problem is there's an intervening action that happened here. He moved out of Alaska and moved to Tennessee. If he stayed in Alaska, then perhaps all of our other case law, we'd analyze it consistent with that because that would be a natural outflow from something that happened in that state. But here he moved away. He's subject to a different state. Is that really the answer, that we look at whether the new state is similar to the old state? You look at the judgment of conviction. Look at the excerpts of record on page. I agree. Pursuant to the judgment of Alaska, he's been branded as a tier three sex offender. That is a provision that's required under the Sex Offender Registration Notification Act. Federal law mandates that states that are SORNA compliant brand a sex offender based on the seriousness of their offense. Based on that classification, they have different reporting requirements. The judgment provides that Mr. Wright has to register four times a year, so every three months. That is consistent with Tennessee law. Alaska law has also said that sex offender registration requirements are punitive. Forgive me, but I want to walk through this because this is complicated. The judgment says he's bound by Alaska law on this. Our position is that whether you analyze it under Alaska or Tennessee law, it's the same result. But my question is, why are we allowed to analyze it under Tennessee law? Because the judgment only references Alaska law. So why can we go further than Alaska law? Because SORNA mandates that every state adopts similar procedures for sex offenders. But not every state has done that, right? Or they've adopted different tiers, right? My understanding is that both Alaska and Tennessee are substantially in compliance with SORNA. And again, Alaska has construed these registration requirements. Let's say he moved to Nevada. Let's say he moved to Nevada. We have the Munoz case that was just decided last year. And we held that Nevada restrictions passed under SORNA did not constitute in custody. That's incorrect. No. So it's a little confusing. If you actually read the decision, they're addressing a separate question. The question in Munoz was not whether or not the appellant was or the petitioner was in custody for purposes of the subject matter predicate under the first custody reference under 2254A. The question was whether or not his claims were cognizable in habeas. Because Mr. the petitioner in Munoz was not attacking the length of his parole. He wasn't attacking the validity of the underlying conviction. He was challenging the conditions of parole. Mr. Wright is not challenging the conditions. He's not challenging his sex offender conditions. He's challenging the judgment of Alaska, which he's claiming was imposed in violation of the Sixth Amendment and due process. That's a very different situation. And I realize it's a little confusing because Munoz kind of commingles different doctrines. They're referencing cases that have construed custody for the for the first prong, the first reference to custody under 2254A, but is actually addressing the question of whether his claims are meritorious. And I think we touched on this in our response to the government's 28J letter, but Munoz is distinguishable and is not would not foreclose this court from finding that Mr. Wright is in custody. I also want to say. Let me ask you. Can I ask you a question? So you're trying to attack the judgment in Alaska, right? That's what your whole purpose here in following the 2254 here. Could you do it through the filing a 2255 in Tennessee? Well, no, because partly because Mr. Wright wouldn't have the ability to. I think the range of claims that he could present in a 2255 in Tennessee as far as attacking the Alaska judgment is far more limited. But I actually want to touch on something that was just raised a minute ago, which is, you know, Mr. Mr. Wright didn't. You know, he moved out of state. That's a fact. But bear in mind that custody is is based on the facts as they are. For example, if you look at Noah Kowski, which is a Second Circuit case where a petitioner was ordered to do one day of community work service that was imposed in lieu of a fine. Now, keep in mind that if the court if the petitioner had simply paid the fine or had elected to do the fine rather than do the community work service, the court would have had jurisdiction to hear his claim. But because the court imposed community work service and because he elected to do community work service, he satisfied the custody prerequisite. It is not as demanding as the respondent would make it out. And in fact, the Supreme Court has said that the definition of custody, which is that that jurisdictional hook, is actually construed pretty broadly. And we go over this in our supplemental briefing that if you just apply Supreme Court precedent and just look at what the standards are, is Mr. Wright able to come and go as he pleases? Is he subject to restrictions that are not shared by the public generally? And the answer is yes. It looks like I've got about a minute left, so I'm going to reserve that for rebuttal. OK. May it please the court and counsel, my name is Donald Soderstrom. I represent the state of Alaska. The Supreme Court's reasoning in this case is dispositive of the remaining issue. Mr. Wright was not in custody pursuant to his Alaska judgment, even when he was incarcerated and placed on supervised release for failing to register for the same reasons. He cannot be in custody pursuant to his Alaska judgment because of his duty to register under Tennessee law, regardless what Tennessee law entails. Counsel, if he'd stayed in Alaska, this would be a different case, right? Then we would be analyzing, there's no question we'd be analyzing whether he's still in custody. If he were still in Alaska, his registration requirements still would not be pursuant to his Alaska judgment because under Alaska law, the registration requirements are not part of the judgment. The Alaska Court of Appeals stated that in Bowles v. State, which is in the briefing, the judgment, the registration requirements are not part of the sentence. They cannot be challenged on direct appeal as part of the criminal judgment. All that an Alaska judge can do is predict what the Department of Public Safety will require, and then the defendant would have to do an administrative appeal from the Department of Public Safety. And the form notifying the defendants of the registration requirement is not part of the judgment. It is an attachment to the judgment. Is that because his probation has expired as well? If his probation had not expired, would it be a different analysis? The judge did order registration as part of his probation conditions, but he rejected probation. He's no longer on probation. Alaska law allows defendants generally to reject probation in favor of a flat-time sentence, which Mr. Wright did in this case. And certainly by the time he filed his federal petition, he certainly was not on probation, so probation conditions could not apply to him. As your Honor also said earlier today, the form that's included alongside his judgment refers only to Alaska Statute 12.63, and that statute does not apply to a person like Mr. Wright, who is no longer physically present in the state. So your argument, then, is because he completed his sentence, is that what you're saying? I mean, he's no longer on probation or supervised release or anything like that. He's no longer in custody. Because he finished his sentence, he's no longer on parole or probation, any requirements are not pursuant to his Alaska judgment. The Alaska judgment no longer has any authority over him. Alaska has no authority over him. We have no body to produce in this federal habeas action. Alaska cannot order Tennessee or the federal government to take any action in this case. Any restriction on his liberty is pursuant to Tennessee or federal law, not his Alaska judgment. I do disagree that Tennessee law amounts to custody under the law of this court or the Sixth Circuit, where Tennessee, of course, is located. So if he were to move back to Alaska and he failed to register as a sex offender, the state of Alaska would be powerless? If he moved back to Alaska, he would be physically present in the state and his former conviction would activate the Alaska statute in Alaska Statute 1263, and he would be required to register. If he failed to register, of course, we could prosecute him. That would be the same thing as the federal court in Tennessee prosecuted him. That was not pursuant to his Alaska judgment and any future prosecution in Alaska. Just to be clear, if he moved back to Alaska, would he be prosecuted and failed to register? Would he be prosecuted by the state of Alaska or would he be prosecuted federally in Alaska? He could possibly be either. Certainly, Alaska could prosecute him if he were physically present in the state and failed to register as required by statute. Whether the federal government would prosecute him under federal law, I can't say. And walk me through that again. You say he moved back here. I'm sorry, back to Alaska. Even though his sentence is complete, it would be reopened or somehow reopened by which statute or what would be the triggering statute or law that would allow you to go forward with him? He still has the predicate underlying offense for which he's already served all this time. But because he still has that conviction on his record, Alaska Statute 1263, our own registration statute requires all sex offenders in the state to register. So once he came back to Alaska, the statute, not his judgment, but the statute would require him to register just like it would require any other sex offender who comes to Alaska to register. But that is a result of the statute, not the judgment itself. But you would be making, so you'd be making the same argument if this were in Alaska that you're making today. Because you'd still say it wasn't pursuant to the judgment, it was pursuant to another statute, maybe a state statute. Correct. I'll also point out, before you move on to that, because the other cases that have addressed this don't rely on that argument. The Sixth Circuit, the Tenth Circuit, even the Third Circuit. Is that because the petitioners in those cases were still subject to the underlying sentence at the time? Or do we have any examples where the underlying sentence was completed and the petitioner brought a habeas case for a sex offender registry where this issue's been analyzed? I believe all of these cases are in the same procedural posture. But there are two requirements. There has to be custody, and the custody has to be pursuant to the state judgment. And until, really until the Third Circuit in Piasecki, this court and other courts have generally just found that the conditions, the registration requirements, don't amount to custody, and they've resolved it on that ground and have not had to consider whether it was pursuant, whether custody or lacked custody was pursuant to the state judgment. But the Third Circuit recognized that these are two separate requirements. There has to be custody, and the custody has to be pursuant to the state judgment. Most courts have simply resolved the issue by finding no custody. So if we want to decide this under pursuant to the state judgment, what guidance do we have? Obviously we have the Supreme Court decision in this case. What else do we have to look at for whether it's pursuant to the judgment? Well, of course the Supreme Court case is dispositive of the matter, that this is not pursuant to the judgment of the state court. I'm not so sure that's totally correct. I mean, the Supreme Court, it didn't exactly totally overrule Zicco. It basically said Zicco doesn't apply when the subsequent conviction is a federal claim. But then it specifically said if it were a subsequent state claim, you might still be able to, in limited circumstances, collaterally attack the underlying order. That suggests that the analysis may not be the same when you get to pursuant to a state court order. The limited circumstances, Your Honor, where a person might be able to challenge a final judgment, the sentence has already expired, the cases say that those limited circumstances generally are when there was a deprivation of counsel or when there was no way to challenge that underlying conviction. Why wouldn't that apply here as well? Because Mr. Wright has had counsel this entire time. Okay, say that were the claim that he were bringing, you would seem to be saying that even under the Supreme Court precedent, he could bring that in a subsequent proceeding. If he had been deprived of counsel or had no opportunity to raise his underlying speedy trial claim before, then an exception might apply and the court might apply. I see. You're saying those exceptions don't rely on pursuant to a state order. Correct. Okay. I see I'm out of time. I just want to make clear that I do also dispute that Tennessee's laws amount to custody under this court's precedent and Tennessee, our Sixth Circuit precedent, I'd ask this court to affirm the district court. Well, let me ask you that if we did get to the merits here. Why isn't this case very similar to the Third Circuit case of Pasecki in terms of the conditions amounting to custody? Isn't it more similar to Pasecki than any of the other cases? Well, the Third Circuit recognized that it departed from other courts, including this court. What this court has said is that requirements must be severe and immediate. This court has said that an in-person reporting requirement once a year does not meet that standard. Other courts, the Fourth Circuit has found that four times a year does not meet that standard. Can I ask you a follow-on, though? Because in Munoz, what's interesting, Munoz left open, it followed our prior line of precedent, but it left open room for the Third Circuit case to coexist, a holding consistent with the Third Circuit case to coexist with our current precedent. That suggests, based on Munoz, that this, you know, Judge McGee's, Chief Judge McGee's question hasn't exactly been answered in this court. So, I mean, maybe you could address that, maybe you think it has, but where Munoz specifically said, well, we're not inconsistent with the Third Circuit. Because the Third Circuit was, you know, the conditions imposed in that case were much more stringent and limiting, and it seems like that's the case. When you look at what the conditions that Mr. Wright had imposed upon him, they're much more similar. Tell me why they're not much more similar to those of Pasecki than the other circuits. They seem to be nearly identical to those that the Fourth Circuit has found was not custody. The Sixth Circuit has rejected similar claims as well. And although this does go back more towards the pursuant to a state judgment, whether a person is in custody pursuant to an Alaska judgment should not depend on these fine distinctions between registering in person or registering by mail or registering four times a year or once a year. That can't be the rule that a person can, that a court has jurisdiction over a habeas action depending on whether the petitioner moves from Alaska to Nevada or to Pennsylvania or to Tennessee. But in Munoz, this court held that it's the nature and quality of a requirement. A subjective chill on a petitioner's desire to move is not enough. This court also said that earlier in Williamson. Munoz required that the petitioner actually be restricted, essentially not allowing a, essentially requiring an as applied claim. Mr. Wright has not shown that he has been unable or that he has not done anything that he otherwise could have. Also going back to Williamson, this court noted that, for example, the loss of a driver's license probably inhibits freedom of movement more than a registration requirement does. But even that is not custodial. So, Your Honor, I believe the Third Circuit erred in finding that custody had been established. Isn't that the short answer that you just think the Third Circuit erred? I mean, it's pretty hard to distinguish it. You just think they got it wrong. I think, well, the Third Circuit did get it wrong in my view, but the Third Circuit also expressly noted that it was departing from this court and other courts that had decided the issue. So the Third Circuit views its own decision, it recognizes its own decision is different from what other courts have decided in similar cases. Thank you. Does anybody have any other questions? No. Okay. Thank you very much. So a couple of points. The first is that Piasecki, I think, is actually consistent with this court's precedent and drew from Ninth Circuit precedent in reaching its conclusions. And I don't know if Respondent has cited to any post-SORNA circuit court cases. My understanding is I think Piasecki is the most recent decision to address the qualitative differences under the new SORNA regime. And the court, I know, is struggling. Counsel, how would we word our disposition differently to avoid a second reversal by the Supreme Court? I think if the court just grounds its reasoning on Supreme Court precedent. We cited heavily Jones and Hensley. All those cases stand for the proposition that the standard for custody, which again has been liberally construed, Justice Kennedy referred to it as a mere status requirement, simply requires a showing that Mr. Wright is not capable of coming and going as he pleases. And that's been the historic definition of custody. The problem is that's custody, but it doesn't address the issue of whether or not he's in custody pursuant to a state court conviction. So our position is that sex offender registration laws are kind of sui generis. There's really no historical analog. They have been compared to banishment or shaming. Mr. Wright has a scarlet letter. He is branded as a sex offender. But that doesn't answer my question about how we could word our disposition in such a way that we would avoid a second Supreme Court reversal. And I would say that this court can find that pursuant to the judgment of the state of Alaska, Mr. Wright has been branded as a sex offender. And it is status as a sex offender that triggers the habeas jurisdiction. The Supreme Court rejected that argument already, rejected that reasoning already because of the intervening federal conviction. And that's the important distinction, I think, is that this court previously found that Mr. Wright could rely on his subsequent prosecution, the subsequent federal conviction, in order to attack the predicate Alaska judgment. And the Supreme Court, I think, just said that that was too attenuated. And my understanding is that sex offender status, his obligations to register, are not so attenuated. They are bound up with the judgment. And I notice, I mean, just in the course of this proceeding, we have all been wrestling with what Mr. Wright's obligations are. And SORNA, for the most part, tries to streamline all those requirements. It's trying to ensure that there's uniformity across the board. That whether you're convicted in Arkansas, Nevada, Alaska, Wyoming, wherever, that you are subject to the same requirements. Those are the two differences. I would say, though, that... But just so I understand your argument, your argument is that Mr. Wright is in custody pursuant to a state court conviction because of the SORNA requirements? Because it carries across the board, because the SORNA obligations... What case says that the custody requirement pursuant to a state conviction is met due to the imposition of SORNA requirements? What case says that? Well, that would be a first. I would say that this court would be, I think, joining Piasecki in revising its position as to what custody means in this post-SORNA landscape. And let me ask you... So this is... Then let's go back to Piasecki for just a moment, if you don't mind. Because Piasecki made a point of saying, you know, which I think is maybe a distinguishing factor, that because the state found these conditions to be punitive and not remedial, that seemed to be a significant factor and point that they were making. Right. Has Alaska found... I mean, if you're asking us to look at Alaska... I mean, we're looking at the state judgment here in Alaska. Has Alaska found these requirements to be punitive and not remedial? So the inquiries are different. Whether or not a law is punitive... First, before you tell me about the inquiry, just answer the first question, if you don't mind, please. Has Alaska... The Alaska law... Alaska has held that sex offender requirements are punitive. And they applied the intent effects test under federal law and found that even though the purpose behind registration requirements is regulatory, the effects are punitive. Where is that? Where is that? Where do I find that at? That is Doe versus State. I believe it was cited in either our opening or our reply brief. It's a 2008 decision. But ultimately, it's a separate inquiry. Different states have come down differently on the question of whether registration requirements are punitive. But it's a factor, certainly, that can be taken into account. But it doesn't entirely resolve the question. Because those are distinct inquiries. And I will leave it at that unless there are additional questions. No. I don't think so. Thank you both. And thank you all. I realize this is a very complicated case. And I appreciate the court's request for additional oral argument. Thank you. Thank you both. I appreciate it, Mr. Paulson, Mr. Soderstrom, your oral argument presentations here today. The case of John Wright versus State of Alaska is now submitted. Thank you. All rise.
judges: MURGUIA, RAWLINSON, NELSON